UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUDOLPH JUNE,

                    Plaintiff,

vs.                                **STIPULATED CONFIDENTIALITY, PROTECTIVE, AND CLAWBACK ORDER**

Civil Action No.: 1:19-cv-963-WMS-LGF

POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER
AUTHORITY

GIL QUINIONES, individually and as
President and Chief Executive Officer of
POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER AUTHORITY

JOSEPH KESSLER, individually and as
Executive Vice President and Chief Operating Officer of
POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER AUTHORITY

JUSTIN DRISCOLL, individually and as
Executive Vice President and General Counsel of
POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER AUTHORITY

KRISTINE PIZZO, individually and as
Executive Vice President and Chief Human Resources and Administration Officer of
POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER AUTHORITY

THOMAS MOODY, individually and as
Electrical Maintenance Superintendent of
POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER AUTHORITY,

                    Defendants.
_____

WHEREAS, the parties in the above-captioned matter have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials; and

WHEREAS, the parties have agreed to produce such documents only on the agreement that such "Confidential Information," "Confidential-Subject to Protective Order," or "For Counsel Only Information" will be disclosed only as provided herein;

WHEREAS, the parties have agreed to stipulate to protect certain privileged and otherwise "Protected Documents" as that term is defined herein, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request or informal production.

WHEREAS, both parties may be required to produce large volumes of Documents. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under Federal Rules of Evidence 502(d) and (e) to do so.

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or

production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    a. was not inadvertent by the Producing Party;

    b. that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    c. that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

    d. that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information," "For Counsel Only Information," or "Confidential-Subject to Protective Order" on the terms set forth herein, as well as an Order, pursuant to Fed. R. Evid. 502, governing the return of inadvertently produced documents and data and affording them the protections of Fed. R. Evid. 502(d) and (e), on the terms set forth herein.

IT IS HEREBY STIPULATED AND AGREED THAT:

1. This Protective Order will be entered pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502.

2. Among other things, this Order shall govern the use and disclosure of all "Discovery Materials," as defined below, that are created or produced in connection with the above

captioned action. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of the foregoing.

3.  "Confidential Information" shall mean any document or information supplied in any form, or any portion thereof, which contains personal or medical information of any party or third party, or personnel or salary information of any party or third party, or confidential business, commercial, research, trade secrets, or financial information or other sensitive commercial information or information relating to any of Defendants' current or former employees that is not publicly available and which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable) "Confidential," "Confidential-Subject to Protective Order," or "For Counsel Only Information."

4.  "Confidential Discovery Material" shall mean any Discovery Materials that contain Confidential Information.

5.  Any party or non-party that produces documents or things ("Designating Party") may designate any Discovery Materials as Confidential Discovery Material in the following manner:

    a.  Answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced

      by any non-party to any party, whether or not pursuant to a subpoena; or copies, excerpts or summaries of any of the foregoing, may be designated Confidential Discovery Material either by: (i) marking, either before or as the document is produced, the word "Confidential" on each page of the document that contains Confidential Information or (ii) if a document is produced not marked "Confidential," but later determined to be, notifying the other party in writing of the document, such as by identifying the "Bates" number (if such numbers have been placed on that document) of each page of the document that contains Confidential Discovery Material.

b.    To the extent that matter stored or recorded in form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the Producing Party and Parties may designate such material as "Confidential" material by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

c.    Any Discovery Materials already produced may be designated as Confidential Discovery Material by providing written notice of same to all parties within thirty (30) days after the execution of this Stipulation. The failure to designate Discovery Materials as Confidential Discovery Material shall not be deemed a waiver of confidentiality so long as the Discovery Materials are so designated by no later than the date established by the Court for the cutoff of discovery.

d.    Any such information that is disclosed by or on behalf of a producing party in

this litigation, if disclosed orally (i.e., during a deposition), shall be designated "CONFIDENTIAL" by so designating the oral testimony or portions thereof. A producing party may make such a designation by making an appropriate statement at the time of the testimony.

6. Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this litigation and not for any business or other purpose.

7. Confidential Discovery Material and all copies thereof:

   a. shall be disclosed only to:

      **i.** the Court, court employees, and stenographers present at trial or during depositions in this litigation. If it is necessary to file documents marked as Confidential, any party seeking to file papers with the Court shall comply with Fed. R. Civ. P. 5.2(a). Any party who believes a Document should be sealed prior to being filed with the Court shall advise the other parties and meet and confer with such parties in a good faith attempt to resolve the issue prior to filing a motion to seal such Document;

      ii. attorneys of record in this action and employees of their respective law firms or legal departments, all of whom shall be bound by this Order;

      iii. parties to this action who are natural persons and persons employed by or otherwise affiliated with any of the other parties whose knowledge of the Confidential Discovery Material is necessary in order to enable the prosecution or defense of this action effectively. If such Confidential Discovery Material is shown to such person, he or she shall agree to maintain its confidentiality and execute the Declaration attached hereto as

        Exhibit A, which shall be maintained by the attorney who explained this Order to the declarant;

    iv. persons not employed by or otherwise affiliated with any of the parties who are retained by or on behalf of any of the attorneys of record in this action solely to assist them in the preparation of this case for trial including, but not limited to, independent accountants, statisticians, economists, and other experts, none of whom shall be competitors or employees of competitors of Defendants, but only after each such person has reviewed this Order with the assistance of an attorney of record who has explained this Order to each such individual.

b. shall be copied only by attorneys of record, clerical personnel employed by such attorneys or independent copying services engaged by such attorneys subject to an agreement of confidentiality, provided that the attorney engaging any such copying service has no reason to believe that that service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Order.

c. Notwithstanding the foregoing, it is understood that it may be necessary to make disclosures to parties or non-parties of the general content of materials deemed confidential in order to investigate claims or defenses. Moreover, it may be impractical to require all such individuals to execute nondisclosure documents. Accordingly, the parties agree to work together in good faith to devise appropriate methods by which such disclosures may be made during the course of this litigation and to stipulate to appropriate modifications and exceptions to

this Order as occasions warrant. In the event the parties cannot come to terms regarding such disclosure, the party seeking disclosure may object to the designation pursuant to Paragraph 10.

8. This Stipulation and Order has no effect upon, and shall not apply to any producing party's use of its own Confidential Discovery Material for any purpose.

9. The designation of Discovery Materials as Confidential Discovery Material pursuant to Paragraph 5 of this Order shall not constitute a ruling that those materials actually contain Confidential Information.

10. If a party, or a non-party that produced documents or things, concludes that Discovery Materials or portions thereof designated Confidential Discovery Material by any other party or non-party do not actually include Confidential Information and therefore do not warrant the protection claimed for them under this Order, it may so notify all parties and any concerned non-party in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality. If it is not possible to resolve the objection within fifteen (15) days after service of the notice, then the designated Discovery Materials shall continue to be Confidential Discovery Material under this Order until such time as the Court has ruled on the Designating Party's immediate motion under Fed. R. Civ. P. 5.2, Local Rule of Civil Procedure 5.3, Fed. R. Civ. P. 37, and/or the Administrative Procedures Guide for the U.S. District Court for the Western District of New York to file such documents under seal. A party (individually or through its agent) may disclose Confidential Information that pertains to that party without compliance with the terms of this Order.

11. The Parties agree that any and all documents and/or information designated as Confidential Information pursuant to this Order, including portions of depositions referencing any of these items, may be utilized only for the purposes set forth herein and consistent with Rule 5.2 of the Federal Rules of Civil Procedure and Rule 5.3 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.

12. By stipulating to this Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Order on the grounds that those Discovery Materials contain especially sensitive Confidential Information.

13. The provisions of this Stipulation shall not terminate at the conclusion of this action. At the conclusion of the above-captioned action, including exhaustion of all appeals, the Receiving Party shall, at its cost, either destroy such Confidential Information or, if it chooses to maintain such information, the Receiving Party shall, at its cost, destroy such Confidential Information at the end of three years and six months following such conclusion of said action. However, the Producing Party may instead request the return of all of the Producing Party's documents which contain Confidential Information to the Producing Party, including all copies of such documents which may have been made, but not including any notes or other attorney work product. Notwithstanding the foregoing, it shall not be a violation of this Order for a Party to continue to retain Confidential Information, the retention of which is required by law.

14. Pursuant to Fed. R. Evid. 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver, including as against third parties and in other federal and state proceedings, as follows:

a. "Producing Party" shall mean any party that produces a Document, as defined above, to another party in this matter.

b. "Receiving Party" shall mean any party that receives a Document, as defined above, from another party in this matter.

c. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

d. The inadvertent disclosure or production of any Document this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

e. If, during the course of this litigation, a party determines that any Document produced by another party that reasonably appears to be covered by the attorney-client privilege, the work-product doctrine, a joint-defense privilege, or any applicable privilege, immunity, or protective doctrine ("Protected Document"):

   i. the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by

the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

ii. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the

            Producing Party believes is subject to a claim of privilege or other protection.

    f.    If, during the course of this litigation, a party determines it has produced a Protected Document:

          i.    the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

         ii.    The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected

        Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

g. To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in Paragraphs 15(e)(ii) and 15(f)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

h. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

    i. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    ii. the disclosure of the Protected Documents was not inadvertent;

    iii. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

      iv. the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

i. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

j. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

k. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

l. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of Fed. R. Evid. 502 (d) and (e).

15. Once executed by all parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

| | |
|---|---|
| Dated: <u>January 27, 2023</u> | Dated: <u>January 27, 2023</u> |
| BOND, SCHOENECK & KING, PLLC<br>*Attorneys for Defendants* | GRECO TRAPP, PLLC<br>*Attorneys for Plaintiff* |
| By: <u>s/Erin S. Torecllo</u><br>Erin S. Torcello, Esq.<br>Travis R. Talerico, Esq.<br><br>Avant Building – Suite 900<br>200 Delaware Avenue<br>Buffalo, New York 14202-2107<br>Tel: (716) 416-7000<br>Email: estorcello@bsk.com<br><br>350 Linden Oaks, Third Floor<br>Rochester, New York 14625<br>Tel: (585) 362-4700<br>Email: ttalerico@bsk.com | By: <u>s/Josephine A. Greco</u><br>Josephine A. Greco, Esq.<br>1700 Rand Building, 14 Lafayette Square<br>Buffalo, New York  14203<br>Tel:  (716) 856-5800 |

Dated this 30th, day of January, 2023

   **SO ORDERED:**

 _/s/ *Leslie G. Foschio*
 **Hon. Leslie G. Foschio**
 **United States Magistrate Justice**

## EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUDOLPH JUNE,

                        Plaintiff,

vs.                                            **DECLARATION REGARDING CONFIDENTIALITY**

                                           Civil Action No.: 1:19-cv-963-WMS-LGF

POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER
AUTHORITY

GIL QUINIONES, individually and as
President and Chief Executive Officer of
POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER AUTHORITY

JOSEPH KESSLER, individually and as
Executive Vice President and Chief Operating Officer of
POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER AUTHORITY

JUSTIN DRISCOLL, individually and as
Executive Vice President and General Counsel of
POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER AUTHORITY

KRISTINE PIZZO, individually and as
Executive Vice President and Chief Human Resources and Administration Officer of
POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER AUTHORITY

THOMAS MOODY, individually and as
Electrical Maintenance Superintendent of
POWER AUTHORITY OF THE STATE OF
NEW YORK a.k.a. NEW YORK POWER AUTHORITY,

                        Defendants.
_____

      It has been explained to me by _____ (attorney) that I am being shown materials that are subject to a confidentiality order in the above-captioned action, Civil Action No. 1:19-cv-963-WMS-LGF.  The attorney listed above has advised me that I am not permitted to make disclosure of such material to any other person or entity and that if I do so, I may be subject to court-imposed sanctions.

                                                            Name: _____

                                                            Signed: _____

                                                            Dated: _____